## HILL *v.* SAWYER and others.

*(Circuit Court, S. D. New York.   June 17, 1887.)*

1. PATENTS FOR INVENTIONS—IMPROVEMENT IN DATING-STAMPS—COMBINATION
   —NOVELTY.
      Letters patent·No. 185,862 were granted January 2, 1877, to Benjamin B.
   Hill, for an improvement in dating-stamps, the object of the invention being
   the production of a cheap hand-stamp in which the year, month, and day
   might be printed to represent any given date.   The invention consisted of a
   stamp the case of which was made in two parts.   A series of rolls were ar-
   ranged within the case, and there was a fixed bridge at the lower end.   End-
   less rubber bands passed around these rolls, and also around and over the
   bridge.   By turning the rolls in one direction, the figures or letters upon the
   bands were successively brought into position for printing, and supported
   there by the square edge at the bottom of the bridge.   The invention also
   consisted of an annular recess around the rolls, where the bands had their
   bearing filled with a substance which would adhere to the bands, and thus
   increase traction, prevent slipping, and aid in bringing the characters upon
   the rolls into the proper position for printing.   It appeared that each ele-
   ment of the combination was known in the art prior to the invention, but the
   combination in question, in its entirety, had never been produced.   It also
   appeared that the invention had been received by the trade as a patented ar-
   ticle, and had been previously recognized as such by the defendant, who was
   contesting its validity.   *Held,* that the patent was not void for want of pat-
   entable novelty.
2. SAME—COMBINATION—CONSTRUCTION.
      Where all the elements of a combination are old in art, but a patent is
   granted for a particular combination of them, the validity of which depends
   upon the novelty of such combination, the patentee will be confined strictly
   to the combination as described and claimed by him.
3. SAME—EQUIVALENTS.
      Where several patents exist for combinations, all producing the same re-
   sults, but different in their forms of combination, the doctrine of equivalents
   has no application, and cannot be invoked by one patentee to suppress the
   combination of another.
4. SAME—INFRINGEMENT.
      The said Hill patent is not infringed by the manufacture of stamps under
   letters patent granted October 23, 1883, to Willard W. Sawyer, wherein end-
   less rubber printing bands were used in a combination in which the frame
   was not made in two parts, and in which there were toothed wheels near the
   bottom of the frame for turning the bands in a method differing from that of
   the Hill patent.

*Frederic H. Betts* and *J. E. Hindon Hyde,* for complainant.
*Arthur v. Briesen* and *Manuel A. Kursheedt,* for defendants.

COXE, J.   This is an equity action for infringement founded upon
letters patent No. 185,862, granted to the complainant January 2, 1877,
for an improvement in dating-stamps.   The object of the inventor is to
provide a cheap hand-stamp with which the year, month, and day may
be printed to represent any given date.   The invention consists of a
stamp the case of which is made in two parts.   A series of rolls are ar-
ranged within the case, and there is a fixed bridge at its lower end.
Endless rubber bands pass around these rolls, and also around or over the
bridge.   By turning the rolls in one direction, the figures or letters upon
the bands will be successively brought into position for printing, and

supported there by the square edge at the bottom of the bridge. The invention also consists of an annular recess around the rolls, where the bands have their bearing, filled with any substance which will adhere to the bands, and thus increase traction, prevent slipping, and aid in bringing the characters upon the rolls into the proper position for printing.

The only claim involved is as follows: "(1) The combination of a series of endless rubber printing bands, a corresponding series of revolving rolls, and a bearing, H, to support the type when being moved and used to print, all substantially as and for the purpose described."

The defenses are—*First*, that the patent is void for lack of novelty and invention; *second*, that one R. H. Smith, and not the patentee, was the inventor; *third*, that the defendants do not infringe.

Without entering minutely into the prior art, it may be said, generally, that at the date of the invention, in the fall of 1875, endless printing bands, having raised letters thereon, passing around a traction wheel at the top and a fixed bearing at the bottom, hand-stamps having a series of endless rubber printing bands extending around a central elliptical core, the lower end of which has a square edge, and operates as a fixed bearing, and hand-stamps having endless rubber bands passing around two rollers so arranged that in printing the lower roller is held stationary, were all old. So were hand-stamps with rubber strips attached to spools, upon which they are wound and unwound over a fixed bridge, where the characters are brought into position for printing. Various hand-stamps, employing metal type upon wheels and chains, were also well known. In fact it may be fairly stated that each element of the combination of the first claim is found in the prior art. Sometimes, also, two of them are found combined in analogous situations. For instance, had Dorman introduced the Davis traction wheel to advance each of the bands around the fixed bearing at the bottom of his core, he would have anticipated the complainant's invention. It must be admitted, however, that the combination in question is not found in its entirety in any of the references; and although it did not require a high order of genius to produce it, yet sufficient inventive knack and intellectual dexterity are found there to rescue the patent from the accusation that it is void for want of patentable novelty. Especially is this true in view of its reception by the trade, and the marked recognition of its validity by the defendant Sawyer. *North American Iron-Works* v. *Fiske*, 30 Fed. Rep. 622; *Wilcox* v. *Bookwalter*, 39 O. G. 1200, *ante*, 224; *Smith* v. *Dental Vulcanite Co.*, 93 U. S. 495; *Lindsay* v. *Stein*, 10 Fed. Rep. 907.

The defense that the invention in question was made by Smith rather than the patentee is hardly sustained by the proofs. The testimony of the defendants in this behalf is successfully met by that of the complainant, the latter being supported by the very strong presumption arising from the patent itself. If Smith were the inventor, it is hardly probable that he would have permitted the complainant to take out a patent without stronger protest than the record discloses. At least, he would have required some tangible and definite acknowledgment of his rights.

Do the defendants infringe? This question is a perplexing one, and the solution of it is surrounded by unusual difficulties. An examination of the authorities in analogous cases, however, has confirmed and strengthened the impression formed at the argument that the defendants do not infringe. The construction placed upon the claim, in view of the restricted theater of operation, must necessarily be a narrow one. The defendants contend that it is necessary to include the frame as an implied element of the combination, not only because the prior art limits the invention to the precise form described, but also because the patentee himself so limits it by the minute and careful description of the frame in the specification, and the specific reference in the claim to the bearing, H, which, as a part of the frame, is cast in two halves, and in that form is not found in the defendants' stamp. There are many authorities which seem to justify even so limited a construction. In *Bragg* v. *Fitch*, 39 O. G. 829, 7 Sup. Ct. Rep. 978, at page 981, the supreme court says:

"It is obvious from the foregoing review of prior patents that the invention of Bristol, if his snap-book contains a patentable invention, is but one in a series of improvements all having the same general object and purpose; and that in construing the claims of his patent they must be restricted to the precise form and arrangement of parts described in his specification, and to the purpose indicated therein."

See, also, *Sharp* v. *Riessner*, 119 U. S. 631, 7 Sup. Ct. Rep. 417; *Gage* v. *Herring*, 107 U. S. 640, 2 Sup. Ct. Rep. 819; *Railroad Co.* v. *Mellon*, 104 U. S. 112; *Snow* v. *Lake Shore Ry. Co.*, 39 O. G. 1081, 18 Fed. Rep. 602.

Although the construction urged by the defendants is, perhaps, unnecessarily severe, it is quite clear that a broad construction is impossible, and that the patentee must, at least, be confined strictly to the combination, the elements of which, and their mode of operation, are specifically described and distinctly claimed by him. The defendants' stamps are made under letters patent granted to the defendant Sawyer, October 23, 1883. The bands are moved around and upon a supporting frame or core, the bottom of which forms a fixed bearing. At the top of the frame are three small rollers, whose function is to relieve the friction of the bands passing over the top of the core. These rollers are not found in the Sawyer patent. The bands are turned by three toothed wheels, placed near the bottom of the frame, which bear against the bands, and press them into the concavities of the core. The cogs on these wheels catch the projecting characters on the bands, and, as the wheels turn, the bands are fed around, and the letters and figures are brought into the desired position beneath the frame to make the imprint. The upper, or anti-friction, rollers do not operate to feed the bands around,—they have not sufficient traction for that purpose,—nor is their presence necessary to hold the bands up tightly against the bearing at the bottom of the core. Clearly these are not the rolls of the patent. The action of the toothed wheels is that of the rack and pinion. The bands are not held in tension, which is essential to the proper action of

the complainant's device, but are comparatively loose around the core. If the adhesive function of the complainant's drums were removed, so that the bands could be moved easily and without friction, and between the drums and the bridge a spur-wheel were introduced, the cogs of which would engage the type, and thus force the bands along, it would be the defendants' apparatus. But would it then be the patented apparatus? Would it not rather be the Dorman device, plus the cog-wheels?

The court does not lose sight of the able and persuasive argument of the counsel for the complainant that the defendants' stamp contains a series of endless rubber printing bands, a fixed bearing over which they revolve, and which supports the characters in a position for printing, and a series of three toothed wheels, which operate to revolve, and to some extent support, the bands, the cogs being but an exaggerated roughness for producing traction. Nevertheless the defendants' rolls are not the rolls of the patent, and, although they produce similar results, they cannot be regarded as equivalents. This case, it is thought, belongs to that class of inventions where the doctrine of equivalents cannot be invoked to suppress improvements on a well-known machine. Where change of form or combination only is involved, each inventor must be content with the structure described and claimed by him. *McCormick* v. *Talcott*, 20 How. 402; *Burr* v. *Duryee*, 1 Wall. 531; *Railway Co.* v. *Sayles*, 97 U. S. 564.

The relative rights of those who have improved the hand-stamp are well described by the patentee himself in a circular put out by him in answer to what he regarded as the unfounded claims of Dorman. He says: "Dorman is entitled to his special combination of endless bands with the particular device shown and claimed in his patent, and on the same ground am I entitled to the combination of endless bands with the device shown in my invention." And he might have added: "Sawyer is entitled to the endless bands combined with the devices shown by him." The idea is, with even greater clearness, expressed by the expert witness of the complainant as follows:

"Most of the great inventions of the day are brought about by a series of steps. One inventor may have conceived a new style of implement, but without putting it in such a form as to be a practically operative device. Another inventor goes a step further, and another inventor further still, and so on through a series of steps, until some inventor devises the idea, and embodies it in such form as to make what was before an impracticable one. This last inventor may not have devised any radically new element, or added to the machine anything of itself novel, but he may have so combined old elements in such a novel way as to produce a great improvement on the state of the art existing before his invention. This appears to me to be the case of the Hill patent under consideration. Each of the elements he introduced into his stamp is old, separately considered, but I do not understand it to be necessary in order to make an invention that any single element or a combination shall be broadly new."

It is of this class of inventions that the supreme court in *Railway Co.* v. *Sayles*, *supra*, at page 556, says:

"If one inventor precedes all the rest, and strikes out something which includes and underlies all that they produce, he acquires a monopoly, and subjects them to tribute. But if the advance towards the thing desired is gradual, and proceeds step by step, so that no one can claim the complete whole, then each is entitled only to the specific form of device which he produces, and every other inventor is entitled to his own specific form, so long as it differs from those of his competitors, and does not include theirs."

The combination of the defendants is not the combination of the first claim of the patent, and it must be held that they do not infringe. *Brooks* v. *Fiske*, 15 How. 221; *California Paving Co.* v. *Schalicke*, 119 U. S. 401, 7 Sup. Ct. Rep. 391; *Hartshorn* v. *Saginaw Barrel Co.*, 119 U. S. 664, 7 Sup. Ct. Rep. 421; *Grier* v. *Wilt*, 38 O. G. 1365, 7 Sup. Ct. Rep. 718; *Newton* v. *Furst & Bradley Co.*, 119 U. S. 373, 7 Sup. Ct. Rep. 369.

It follows that the bill must be dismissed.