# POMACE HOLDER COMPANY v. FERGUSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF NEW YORK.

Argued November 19, 1886. — Decided December 6, 1886.

The claim of letters-patent No. 187,100, granted to John Clark, February 6th, 1877, for an "improvement in cheese-formers for cider-presses," namely, "The guide-frame D, in combination with an extended pomace-rack, and a cloth to inclose a layer of pomace therein, substantially as described," is invalid, because it did not require invention to use the described guide-frame in connection with the racks and the cloths.

The racks and the cloths had been before used in connection, and an enclosure was used with them, which enabled the operator to make the pomace of uniform depth on each rack, and prevented the lateral spreading of the pomace; and it required only ordinary mechanical skill and judgment to make either the guide-frame or the rack of the desired size.

This was a bill in equity to restrain the infringement of letters-patent. Answer denying the validity of the patent. Decree below for respondent from which complainant appealed. The case is stated in the opinion of the court.

*Mr. Walter E. Ward* for appellant.

*Mr. Wm. H. King* for appellee.

Mr. Justice Blatchford delivered the opinion of the court.

This is a suit in equity brought in the Circuit Court of the United States for the Northern District of New York, for the infringement of letters-patent No. 187,100, granted to John Clark, February 6th, 1877, for an "improvement in cheese-formers for cider-presses," on an application filed September 11th, 1876. The specification and drawings of the patent are as follows:

"The object I have in view is, in laying up a 'cheese' for the cider-press, where each layer is folded up in a cloth, to

secure uniformity of thickness of all the layers in the mass or cheese, and thus secure uniform pressure on its entire area, and to avoid all tendency to break the pomace frames or rack.

Fig. 1.

Fig. 2.

To this end it consists in the employment of a guide-frame, in combination with extended pomace-racks, as more fully hereinafter set forth. Figure 1 is a perspective view, showing the manner of laying up a cheese in press. Fig. 2 is a cross-sec-

tion at *xx.* In the drawing, A represents the lower frame-work of a cider-press, on which is laid a bed, B. C is a pomace-rack, which may be rigid, as shown, or flexible, as described in letters-patent No. 148,034, issued to me March 3, 1874. On this rack is laid a guide-frame, D, whose bottom girts are not spaced far enough apart to extend the full length of the rack on which they rest. A cloth, E, large enough to envelop the layer, is then laid on the rack, inside the frame, and opened out to receive the pomace, which is 'struck' level with the girts of the frame, after which the cloth is folded over the levelled pomace, and the frame is lifted off. The next and succeeding racks are in like manner laid on the first, and filled up, and a follower is placed on the upper one, when the cheese is ready to press. Laid up in this way, the several layers are uniform in thickness, and the cheese, in mass, is level on top, and offers a uniform resistance to the pressure, over its entire area, thus assuring the expression of all the juice and precluding all danger of breaking the pomace-racks. If the bed B be extended, a cheese may be built upon a board while one is being pressed, and then be slid under the follower when the first one is removed."

The claim is in these words: "The guide-frame D, in com-bination with an extended pomace-rack, and a cloth to enclose a layer of pomace therein, substantially as described."

The answer sets up, as defences, want of novelty, want of patentability, and public use for more than two years before the application for the patent. After a hearing on proofs, a decree was made adjudging the patent to be invalid and dis-missing the bill. The plaintiff has appealed.

The decision of the Circuit Court, 21 Blatchford, 376, proceeded on these grounds: (1.) Cloths, and also racks, and also guide-frames, having each been used before, the aggregation of them, as described in the patent, was not a valid combination. (2.) The use of the described guide-frame, in connection with the racks and cloths, did not involve inven-tion. (3.) The precise combination described in the patent was in public use more than two years before the patent was applied for.

Without examining any other question raised in the case, we are of opinion that the patent must be held void on the second ground above mentioned. A rack on which to place the pomace was old, and a cloth to cover the pomace lying on the rack was old, the two being used in connection, and an enclosure was used with them, which enabled the operator to make the pomace of uniform depth on each rack, and prevented the lateral spreading of the pomace. The only point of the invention would seem to be the use of a guide-frame smaller than the rack, or, in other words, the use of a rack larger than the guide-frame. There was no invention in making the guide-frame or the rack of the desired size. It required only ordinary mechanical skill and judgment. Within the recent cases in this court on the subject the patent must be held void. *Vinton* v. *Hamilton*, 104 U. S. 485; *Hall* v. *Macneale*, 107 U. S. 90; *Atlantic Works* v. *Brady*, 107 U. S. 192, 200; *Slawson* v. *Grand Street Railroad Co.*, 107 U. S. 649; *King* v. *Gallun*, 109 U. S. 99; *Double-Pointed Tack Co.* v. *Two Rivers Manufacturing Co.*, 109 U. S. 117; *Estey* v. *Burdett*, 109 U. S. 633; *Bussey* v. *Excelsior Manufacturing Co.*, 110 U. S. 131; *Pennsylvania Railroad Co.* v. *Locomotive Truck Co.*, 110 U. S. 490; *Phillips* v. *Detroit*, 111 U. S. 604; *Morris* v. *McMillin*, 112 U. S. 244; *Hollister* v. *Benedict Manufacturing Co.*, 113 U. S. 59; *Thompson* v. *Boisselier*, 114 U. S. 1, 11; *Stephenson* v. *Brooklyn Railway Co.*, 114 U. S. 149; *Yale Lock Manufacturing Co.* v. *Sargent*, 117 U. S. 554; *Gardner* v. *Herz*, 118 U. S. 180.

*Decree affirmed.*