## BRAHN *v.* RAMAPO IRON-WORKS *et al.*

*(Circuit Court, S. D. New York.* May 11, 1888.)

1. PATENTS FOR INVENTIONS—SWITCH-STANDS—PRIORITY.
   James Brahn, August 5, 1879, and March 6, 1883, obtained patents for improvements in railroad switch-stands. Joseph H. Lukens, May 11, 1875, (application filed March 5, 1875,) obtained a patent for an invention containing some of the same features. Brahn endeavored, in an action for infringement, to show that his invention was prior to the date of the Lukens patent. *Held* that, inasmuch as complainant, when notified, March, 1879, by the patent-office that his claim was anticipated by Lukens, more sharply limited his claim to the precise combination intended to be covered, instead of insisting to the contrary, he conceded the priority of the Lukens patent.

2. SAME—INFRINGEMENT.
   Where the shaft, as shown in the fourth claim of patent 218,110, August 7, 1879, for switch-stands, slides vertically, and by such vertical action locks and unlocks the switch, and its primary locking can only be overcome by fracture of some part of the mechanism, it is not infringed by a switch-stand the shaft of which revolves, and where the locking is one which may be overcome by pressure at the rails; and when, if the peculiar features of the shaft and hub and lever are eliminated, and the claim only covers the substitution of a single padlock staple rotating with the shaft, for the three exactly similar but fixed padlock staples of the Lukens patent of May 11, 1875, it would show no substantial invention above ordinary mechanical skill, and be void.

**3. SAME.**

> Patent 273,450, March 6, 1883, for switch-stands, granted to James Brahn, on account of the prior state of the art can only be maintained when closely restricted to the specified elements, each of them being material to the claim; and where in the alleged infringing stand the shaft has not the vertical motion of the shaft in the patent, and the additional shaft with its spring and recess is omitted, there is no infringement.

In Equity. Bill to restrain the infringement of patent.

James Brahn, complainant, filed a bill to enjoin the Ramapo Iron-Works *et al.*, defendants, from infringing patents for improved switch-stands, No. 218,110, of August 7, 1879, and No. 273,450, of March 6, 1883.

*A. G. N. Vermilyea*, for complainant.
*William A. Redding*, for defendants.

LACOMBE, J. This suit is brought for an injunction to restrain the defendants from infringing two letters patent heretofore granted to the complainant, and now owned by him. The patents are each for improvements in railroad switch-stands, and are, respectively, No. 218,110, dated August 7, 1879, and No. 273,450, dated March 6, 1883. By notice or agreement between counsel the controversy here is confined to the fourth claim of patent No. 218,110, and the first claim of patent No. 273,450. These claims are as follows:

"*Fourth*, [of 218,110.] The combination, in a switch-stand, of the revolving shaft, B, to which are secured the crank, C, and hub, D, the arm, *j*, secured to said shaft so as to be rotated with it, the lever, E, pivoted in the hub, D, and provided with a slot, through which may pass the said arm, *j*, when the said lever is depressed, all constructed and arranged to operate as and for the purpose described."

"*First*, [of 273,450.] The combination, in a switch-stand, of the shaft, G, the cam, D, the shaft, E, clutch, D², D³, and spring F, as and for the purpose described."

A distinctive feature of the first patent is the slot in the lever through which, when the lever is depressed, the arm, *j*, passes. At the end of this arm is a hole, through which may be passed the bow of a padlock. Thus the lever is secured against unauthorized interference. A similar mode of fastening the lever in its depressed position is shown in a patent to Joseph H. Lukens, (No. 163,220,) dated May 11, 1875, (application filed March 5, 1875.) In the Lukens patent there were three padlock staples, one in each plane, within which the lever could be depressed; in the complainant's patent there is only one arm, (or padlock staple,) which revolves with the shaft, and by means of such revolution is placed successively in each of the three planes within which the lever can be depressed. The protrusion of the arm through the slot in the lever, with appliances for locking the two together with the long end of the lever in proximity to the stand and the arm below the stand-head, is common to both. Complainant's patent was issued August 5, 1879, upon an application filed February 5, 1878. Upon the trial he endeavored by proof to fix the date of his invention prior to May 11, 1875, the date of Lukens' patent. The evidence is that of the plaintiff, and, as

might be expected in undertaking to testify as to the precise dates of transactions occurring several years ago, it is not altogether consistent. A very reasonable explanation of its apparent inconsistencies is advanced by complainant's counsel, but the decision of this question is controlled by an independent circumstance, which stands proved without dispute. When all the facts were fresher in complainant's mind than they were when he testified last year, and when it must be assumed that he was surer of his dates than he is now, the Lukens patent was brought to his attention. Complainant's original fourth claim read as follows:

"The combination, in a switch-stand, of revolving shaft, B, to which is secured the crank, C, and hub, D, the arm, $j$, secured to said shaft, the lever, E, pivoted in the hub, D, and provided with a slot through which may pass the said arm, $j$, when said lever is depressed, all constructed and arranged to operate as and for the purpose described."

On March 14, 1879, he was notified by the patent-office that his claim was found to be anticipated in the Lukens patent. Instead of insisting that his invention was prior to Lukens', he practically conceded the contrary, by "more sharply limiting his claim to the precise combination intended to be covered." That precise combination consisted solely in fastening a single padlock staple (or arm) to the shaft, instead of fastening two or more to the frame. Such action on complainant's part indicates quite plainly that at that time (May, 1879) he did not believe that he was a prior inventor in the field covered by Lukens. I am of the opinion, therefore, that the complainant has failed to fix the date of his invention, covered by the fourth claim of patent No. 218,110, earlier than the date of Lukens' patent.

Upon the argument defendants' counsel expressly disclaimed any intention of challenging the validity of the patent. Such validity will therefore be assumed; but in view of the state of the art as disclosed by the proofs, such validity can only be sustained upon such a construction of the claim as will confine it strictly to the precise form and arrangement of the parts which—all of them old—are combined by complainant in a particular manner to accomplish particular results. *Bragg* v. *Fitch*, 121 U. S. 478, 7 Sup. Ct. Rep. 978; *Hill* v. *Sawyer*, 31 Fed. Rep. 282. Defendants contend that, if the patent sued on is thus construed they do not infringe, and such contention seems to be well founded. The shaft in defendants' device revolves, but it does not, as in complainant's stand, slide vertically, and by such vertical action lock and unlock the switch. In defendants' switch-stand the primary locking is one which may be overcome by sufficient pressure at the rails; in complainant's, it can only be overcome by fracture of some part of the mechanism. The specifications and drawings show how these results are brought about in complainant's patent by the peculiar construction and intended mechanical action of the shaft, B, hub, D, and lever, E. All these parts are brought into the fourth claim by reference, and are thus to be taken as entering into the combination which the claim covers. As it is not attacked here, such combination may be accepted as sufficient to support a patent. If, however, the peculiar features of the shaft, the hub,

and the lever are to be eliminated from the claim, and it is to be construed as covering only the substitution of a single padlock staple rotating with the shaft for the three fixed, but otherwise precisely similar, padlock staples of Lukens, there is no substantial invention shown; nothing above ordinary mechanical skill; and under the later decisions the patent (as to this claim) cannot be sustained. *Atlantic Works* v. *Brady*, 107 U. S. 192, 2 Sup. Ct. Rep. 225; *Hollister* v. *Manufacturing Co.*, 113 U. S. 59, 5 Sup. Ct. Rep. 717; *Thompson* v. *Boisselier*, 114 U. S. 1, 5 Sup. Ct. Rep. 1042; *Pomace-Holder Co.* v. *Ferguson*, 119 U. S. 336, 7 Sup. Ct. Rep. 382.

The junior patent, No. 273,450, is to be similarly construed. In view of the state of the art, it can only be sustained when closely restricted to the specified elements, each of them being held material to the claim. When so construed, the variances found in defendants' stand—notably the vertical motion of the shaft, G, and the entire omission of the additional shaft, E, with its spring and recess—are such at to relieve the structure from the charge of infringement.

The bill of complaint should be dismissed, with costs.