LAMSON CASH RY. CO. v. GODEHARD et al.

(Circuit Court of Appeals, Eighth Circuit. January 29, 1894.)

No. 283.

1. PATENTS—LIMITATION OF CLAIMS—CASH CARRIERS.

In a patent for a store-service apparatus, a claim for "a way or ways," combined with described carriers and propelling devices, must be limited to a way consisting of two or more wires, when the patentee states in the specifications that he uses "two or more fine wires," to avoid enumerated objections to a single wire, and the state of the art is such as to preclude a broad interpretation of the claim.

2. SAME.

This limitation cannot be removed by any inference as to a broader intent in the use of the words "way or ways" which may arise from the fact that the limitation is expressly incorporated into a subsequent claim, when the latter differs in other respects from the one in question.

3. SAME—INFRINGEMENT.

The Hayden patent, No. 303,006, for a store-service apparatus, is limited to a way composed of two or more wires, and is not infringed by a device made under the McCormick patent, No. 399,428.

Appeal from the Circuit Court of the United States for the District of Kansas.

In Equity. Suit by the Lamson Cash Railway Company against Herman Godehard and Ollie Stevenson for infringement of patent. Bill dismissed. Complainant appeals. Affirmed.

J. Steuart Rusk, (Edwin C. Gilman, M. B. Philipp, H. T. Munson, M. H. Phelps, W. P. Douthitt, Howell Jones, and Rankin Mason, on the brief,) for appellant.

J. W. Deford and C. N. Sterry, for appellees.

Before CALDWELL, Circuit Judge, and THAYER, District Judge.

THAYER, District Judge. This is an appeal from a decree dismissing a bill of complaint in a suit which was commenced by the

appellant in the circuit court of the United States for the district of Kansas for the purpose of restraining an alleged infringement of letters patent No. 303,006, which were issued to Harris H. Hayden on August 5, 1884, and have since been duly assigned to the appellant. The invention relates to a mechanical contrivance, now much in use in large stores, whereby a small receptacle, fitted with grooved wheels, is made to run on a wire from one point to another, usually from the sales counter to the cashier, for the purpose of carrying cash or small parcels. The alleged infringing device, which is used by the appellees, is made in strict conformity with the specification of United States letters patent No. 399,428, which was issued to Charles W. McCormick on March 12, 1889; but it is contended by the appellant that the McCormick device embodies all of the elements of the combination covered by the first and second claims of the older patent issued to Hayden, and that it is an infringement of the Hayden patent. The mechanical contrivance described in each of said patents consists of a wire way or track, a small receptacle or carrier provided with wheels, which is intended to run without friction on said track, a propeller at each station, so arranged as to strike the carrier and give it an initial velocity, and a cord depending from each station, whereby the operator is enabled, by a sudden pull, to force the propeller against the carrier and impart motion. In the Hayden device the propeller is simply a perforated block or slide which moves freely on the wire way. A cord attached to the forward end of this slide, thence passing over a stationary pulley some distance in advance of the slide, thence doubled back over another stationary pulley at the rear of the slide, and depending to the counter, enables the operator, by a sharp pull on the cord, to force the sliding block against the carrier with such momentum as will send it to its destination. McCormick's patent shows a somewhat different contrivance for imparting motion to the carrier. It may be described with sufficient accuracy as follows: Two hollow tubes extend forward for some distance from the station, forming a figure like the letter V. The wire way is attached to the station at the angle formed by the junction of these tubes. An endless cord, moving on pulleys fixed at both ends of these tubes, passes through the tubes and across the wire way at right angles therewith. The ends of this cord depend to the counter from the inner end of the tubes, where they unite, so as to be within easy reach of the operator. The endless cord is attached to a movable slide on the wire way where the cord crosses the wire. When the device is ready for use, the slide is drawn back to the station, and the cord becomes bent or curved like a bowstring. By a sharp pull on the depending ends of the cord the slide is drawn forward on the wire way until the cord becomes straight or taut, and, coming in contact with the carrier, sends it to its destination. McCormick also employs springs to clasp and hold the carrier in place before its discharge. These springs are so arranged as to impart to the carrier some momentum in addition to what it receives

from the slide. In the McCormick device, also, the motion of the slide and the carrier is constantly accelerated from the time they begin to move until the bowstring becomes taut, the result being that the momentum of the carrier is greatest at the instant it leaves the slide.

It is contended by the appellant that the mechanism employed by McCormick for imparting motion to the carrier is merely a mechanical equivalent for the mechanism employed by Hayden for accomplishing the same object, and that all of the elements described in Hayden's first and second claims, namely, the wire way, the carrier designed to move thereon, the propeller or slide for pushing the carrier, and the depending cord attached to the propeller, are found in the McCormick device, and substantially in the same relation to each other. On the other hand, it is insisted by the appellees that the devices employed by McCormick to impart motion to the carrier are radically different from those described and employed by Hayden; furthermore, that the wire way covered by the Hayden patent is limited to a way consisting of "two or more fine wires arranged parallel to each other," whereas McCormick employs but a single wire to form the way or track. In the Hayden patent the first claim is stated in the following language:

"In a store-service apparatus, the combination, with the way or ways, of one or more carriers, propelling devices constructed to push the carriers and appliances, substantially as described, extending from the propelling devices to the operator's desk, whereby said propelling devices may be moved by the operator to impart initial movements to the cariers, substantially as set forth."

The second claim differs somewhat from the first in phraseology, but it embraces the same elements. These are confessedly combination claims covering the same arrangement of parts or devices, each of which is individually old; and it goes without saying that the appellees cannot be held liable for an infringement unless they use the combination as an entirety. It is admitted that the appellees only make use of a way or track consisting of a single wire; hence it is important to determine whether, upon a true construction of Hayden's specification, his first and second claims should be limited to a combination containing, as one of its integral elements, a track composed of two small wires placed side by side. It may be conceded that the claims of the patent do not state that the track is composed of two wires, but the language employed is as appropriate to describe a track consisting of two wires as a track consisting of one wire. Indeed, if the claims are read in connection with the specification, a very natural view would be that the phrase "a way or ways" was intended to show that the track referred to was composed of two wires, and for that reason might be appropriately spoken of either as a "way or ways." The specification in this instance is the most reliable guide in determining what the patentee intended to claim and is entitled to hold. We find in this specification two significant passages, which leave little room for doubt that he regarded

the use of two small wires in forming the track as one of the essential features of his invention. In his general description of the invention the patentee says:

"My invention consists in certain improvements in store-service apparatus, fully described hereinafter, whereby to propel the carriers, facilitate their manipulation, and secure a better way than is afforded by the single wire ways heretofore used."

In a subsequent paragraph of the specification he points out the objections to a track consisting of one wire, and the advantage of using two wires, in the following manner:

"Where wire ways are used as heretofore constructed, each of a single wire, the carriers are apt to have an objectionable oscillating motion, and a breaking of a wire results in a fall of the carrier, and injury to persons or showcases, necessitating the use, for safety, of wires that are objectionably heavy. To avoid this I make the way of two or more fine wires, t, t, arranged parallel to each other, and each of the same length."

The drawings attached to the specification, except those which were not intended to show the precise formation of the track, also clearly indicate the use of two wires, and there is not a line in the specification which will warrant the inference that the inventor ever contemplated the use of a track consisting of a single wire, which he had declared to be objectionable for the reasons above stated.

In arriving at a construction of these claims, the state of the art, as well as the specification, is also entitled to much consideration; for, if Hayden was a pioneer inventor, the claims of his patent are entitled to a more liberal interpretation than should be accorded to them if he followed closely in the footsteps of others, and merely made an improvement, not involving a high order of invention, in a device that had already come into use. Machine Co. v. Lancaster, 129 U. S. 263, 273, 9 Sup. Ct. 299; McCormick v. Talcott, 20 How. 402, 405; Railway Co. v. Sayles, 97 U. S. 554, 556.

The record shows that at least four or five patents had been granted for store-service apparatus, commonly called "cash carriers," before the date of Hayden's application for the patent in suit. In one of these patents the device shown consists of an endless wire moving over stationary pulleys or wheels located at the respective stations, by means of which the carrier is transported, either by turning one of the wheels by hand, or by pulling a cord wrapped round the axle. In another device the carrier employed appears to be a hollow ball, made in two sections, which is first raised by an elevator to an inclined track, and thence rolled to its destination by force of gravity. Two other patented devices, which antedate the Hayden invention, consist of a level wire track along which the carrier runs on wheels, as in the Hayden and McCormick patents, but motion is communicated to the carrier by releasing a coiled or compressed spring, against which the carrier is placed. The foregoing brief description of these several devices will suffice to show that a very considerable advance had been made in the art of constructing cash carriers before Hayden turned his attention in that direction. He was not the first to

conceive the idea of transporting cash or small parcels from one point to another in a store by means of a carrier running on a taut wire; he simply aided in perfecting the details of the mechanism by which that object is now accomplished. He may have been, and doubtless was, the first to devise a convenient means of imparting an initial velocity to the carrier, proportioned to the distance it has to traverse. The mechanism contrived for that purpose, consisting of the propeller and depending cord so arranged as to give the carrier any desired initial velocity, was evidently an improvement on the spring, which imparted a uniform velocity. But the improvement in this respect does not appear to us to have required a high degree of ingenuity or mechanical skill, in view of the then state of the art, and we think, therefore, that Hayden is not entitled to a broad construction of his claims, but that he should be limited to a combination consisting of such parts or elements as he has explicitly described in his specification. As we have above shown, the specification and drawings clearly contemplate the use of a track consisting of two small wires placed side by side, and this limitation enters into the claims by necessary implication. Roller-Mill Co. v. Walker, 138 U. S. 124, 133, 11 Sup. Ct. 292; Caster Co. v. Spiegel, 133 U. S. 360, 369, 10 Sup. Ct. 409; Bragg v. Fitch, 121 U. S. 478, 483, 7 Sup. Ct. 978; Keystone Bridge Co. v. Phoenix Iron Co., 95 U. S. 274; Sharp v. Riessner, 119 U. S. 631, 7 Sup. Ct. 417. It was suggested on the argument that the construction of claims 1 and 2, last indicated, ought not to be adopted, because of the language employed in the fifth claim. This claim is as follows: "(5) The combination of the way consisting of two parallel wires or cables on the same plane, and a duplex tightening device, substantially as specified." The argument seems to be that, because a way consisting of two wires is expressly described in the fifth claim, a different species of way was intended by the language employed in the first and second claims. It will be observed, however, that the combination covered by the fifth claim is one consisting of only two elements, namely, the way and duplex tightening device. This claim is not rendered meaningless or inoperative by the limitation which we are disposed to place on the word "way," as used in the first and second claims. We think, therefore, that no inference arises, from the language employed in the fifth claim, that the patentee intended that the word "way," as used in the first and second claims, should have a broader signification than he had himself given to it in the fifth claim. At all events, the argument based on this ground is not of sufficient weight to overcome the limitation of claims 1 and 2, which seems to be rendered necessary by the language of the specification. The result is that we have been constrained to hold that the proof fails to disclose an infringement of the Hayden patent, inasmuch as the appellees use a track consisting of a single wire; wherefore, without considering the other questions that have been suggested and discussed, the decree of the circuit court must be affirmed.