SIMONDS MANUF'G CO. et al. v. E. C. ATKINS & CO.

(Circuit Court, D. Indiana. October 5, 1894.)

No. 8,667.

1. PATENTS—CONSTRUCTION OF CLAIMS—INFRINGEMENT—CROSS CUT SAWS.

The Simonds patent No. 269,728, for a cross-cut saw, as an article of manufacture, if valid at all, is limited to a saw formed by curvilinear grinding along lines parallel with its cutting edge, so as to be of substantially the same thickness throughout the length of its curved cutting edge, and of gradually diminishing thickness in the direction of its width from cutting edge to back; and the patent is not infringed by a saw having a curved cutting edge and straight back, and made from a plate of steel rolled so as to have a gradually diminishing thickness from cutting edge to back, and ground on straight lines, so that it has a slightly greater thickness along the central part of the cutting edge than at the ends, and a uniform thickness along the back from end to end.

2. SAME—PATENTABLE INVENTION—CHANGE IN SIZE.

It would seem that a patent for a special form of cross-cut saw as an article of manufacture cannot be sustained when it appears that there previously existed a small saw for cutting fire wood, of substantially the same form; for the change is one merely of size or proportion, which is not patentable.

This was a suit to obtain an injunction and damages for an alleged infringement of a patent.

Robert S. Taylor and Causten Browne, for complainants.

Chester Bradford, Wm. M. Eccles, and Augustus Lynch Mason, for defendant.

BAKER, District Judge.   This is a suit in equity brought by the Simonds Manufacturing Company, a Massachusetts corporation, and George F. Simonds, a citizen of Massachusetts, against E. C. Atkins & Co., an Indiana corporation, to obtain an injunction and damages for an alleged infringement of letters patent 269,728, dated December 26, 1882, granted to George F. Simonds for an alleged improvement in cross-cut saws.   The defenses interposed are noninfringement; that George F. Simonds is not the first or original inventor of the patented device; that the same, or substantially the same, device was in public use or on sale in the United States for more than two years prior to the application for such patent; that there is no invention exhibited in the patented device; that the patent was surreptitiously obtained by the failure to disclose the true state of the art; that the same, or substantially the same, device in all its essential features was long before known to and publicly used by various persons named in the answer; that the same, or substantially the same, device, as well as the method of constructing it, were shown or described in other patents of the United States, and in other printed publications set up in the answer; that the same saw, in all its essential features, which the defendant is now manufacturing, and which is complained of as the infringing saw, had been manufactured by the defendant and its predecessors for more than two years prior to the application for the Simonds patent; and that the arrangement and combination of parts and all the essential features of the patented device were known to and generally used by the public for more than two years before the application for the patent was made.   The specifications forming part of the letters patent state that the invention has for its object the construction of a thin-backed cross-cut saw that shall cut an even kerf throughout its length, that shall not bind in its cut, and that shall be relatively thickened and strengthened towards the ends, whereby more lumber can be cut, and with less labor, than heretofore.   The invention is stated to consist in a cross-cut saw of substantially uniform thickness throughout the length of its curved cutting edge, and of gradually diminishing thickness in the direction of its width from cutting edge to back. After describing the old cross-cut saws, and the various methods of grinding employed in their manufacture, the specifications proceed to state the method of grinding to be employed in making the cross-cut saw which the inventor claimed to have discovered, and which he desired to secure by letters patent, as follows:

"Instead of moving the saw plate to the action of the grindstone in a rectilinear path, I give it such movement as to cause every part of its curved cutting edge, throughout the entire length thereof, to pass successively through-

out the plane which is common to the axis of the presser bar and the grinding line at substantially the same point during any given passage, so that the lines of uniform thickness in the tapered plate are curves running substantially parallel to the general curvature of the cutting edge, because by keeping the cutting edge of the saw plate where it passes the grinding line at the same distance from the apex of the angle of inclination of the presser bar all other portions which pass through any given constant part of the angular space between the presser bar and the grinder, and which are consequently reduced to uniform thickness, will necessarily be acted upon at the same distance from the point at which the cutting edge is maintained, and will therefore be located in a curve which conforms to the curvature of the cutting edge."

The claim is single, and is as follows:

"What I claim as my invention is, as a new article of manufacture, a cross-cut saw of substantially uniform thickness throughout the length of its curved cutting edge, and of gradually diminishing thickness in the direction of its width from cutting edge to back."

In view of the prior state of the art as shown by the proofs, and especially in view of the admission of the complainants' expert, it is doubtful whether the patent in question is sustainable, because lacking in invention. Cross-cut saws, having a curved. cutting edge, and thinner at the back than at the cutting edge, were well known and in common use long prior to the complainants' discovery. By the methods of straight or rectilinear grinding then practiced cross-cut saws were not made, and perhaps were incapable of successful manufacture, of such uniform thickness throughout the entire length of their curved cutting edge, and of such gradually diminishing thickness in the direction of their width from cutting edge to back, as are made by the grinding, as practiced by complainants, along curvilinear lines parallel with the cutting edge. The difference in form of the old cross-cut saw and of the saw claimed by complainants is necessarily slight, and the claim of the patent cannot be construed so broadly as to include the old forms of cross-cut saws. Therefore the claim, if sustainable at all, must cover a form of saw embraced within narrow limits of variation. Whether, within these narrow limits, it ought to be sustained, is not free from doubt, in view of the admission of complainants' expert that wood saws were previously known and in public use substantially the same as complainants' saw, viz. "a cross-cut saw [meaning wood· saws] of substantially uniform thickness throughout the length of its curved cutting edge, and of gradually diminishing thickness,—i. e. tapered, from cutting edge to back." It is not necessary to determine whether or not the uncontradicted admission of their expert concludes the complainants, as seems to be held in Wells v. Jacques, 1 Ban. & A. 60, 75.[1] Complainants' expert endeavors to differentiate these wood saws from the saw described in and secured by the patent in question by the statements that ."wood saws are saw blades intended to be used in a saw frame for cross-cutting comparatively small pieces of wood, such as ordinary fire wood," and that "they are used under wholly different conditions from the cross-cut saws of the Simonds patent,

[1] Fed. Cas. No. 17,398.

although some of them have a curved cutting edge of uniform thickness, and a substantially uniform taper from cutting edge to back," and that "they belong to a different class from the cross-cut saws, and are commonly ground by different machinery and different methods," so that the identity in form of the wood saws and the saw claimed in the Simonds patent would not suggest any way in which the same characteristics might be embodied in a cross-cut saw. The patent in question secures to the complainants their saw solely as an article of manufacture. It does not secure the methods employed in manufacturing it, nor the uses to which it may be devoted. The essential differences pointed out by the expert between the wood saws and the saw of complainants have relation to their relative size, uses, and methods of manufacture, which are features not covered by the patent.

Can a patent for a cross-cut saw, as an article of manufacture, be sustained when it is admitted that wood saws were old and well known in the arts, and were, in fact, cross-cut saws of substantially uniform thickness throughout the length of their curved cutting edge, and of gradually diminishing thickness from cutting edge to back? It is firmly established that mere change in size or proportion does not involve invention. This principle is declared and applied in the case of Planing-Mach. Co. v. Keith, 101 U. S. 479, 490. It is there said:

"It may be admitted it would be too weak for general planing work upon boards or plank. It is comparatively a small machine. It would not cease to be the same machine, in principle, if any one or all of its constituents were enlarged and strengthened, so that it might perform heavier work."

And it is further said:

"And it is not perceived why, if enlarged, it would not answer all the purposes of the Woodbury machine. Mere enlargement is not invention. The simplest mechanic can make such modification."

This doctrine has been applied in many other decisions of the supreme court. It has been held that changing the length and size of valve openings in the reed-board of an organ is not invention (Estey v. Burdett, 109 U. S. 633, 3 Sup. Ct. 531); that a change in the guide frame or rack of a cider press is not invention (Pomace Holder Co. v. Ferguson, 119 U. S. 335, 7 Sup. Ct. 382); that a change in the size of the ridge stone or cap stone and the corresponding width of the roof stones in roofs for vaults is not invention (French v. Carter, 137 U. S. 239, 11 Sup. Ct. 90); that a change only in form, proportions, or degree, doing substantially the same thing in the same way by substantially the same means, but with better results, is not invention (Ansonia Brass & Copper Co. v. Electrical Supply Co., 144 U. S. 11, 12 Sup. Ct. 601). But conceding that the patent may be sustained notwithstanding complainants' saw differs from the old wood saws only in size, uses, and methods of manufacture, still the claim in question must be limited to a cross-cut saw of substantially uniform thickness throughout the length of its curved cutting edge, and of gradually diminishing thickness in the direction of its width from cutting edge to back. The claim itself does not,

by the general terms employed, conclusively determine the precise form of saw intended to be secured by the patent as an article of manufacture. But reading the claim—as we may—in connection with the specifications, no doubt, it seems to me, can be entertained in regard to the cross-cut saw which the patentee intended to secure, and which he has secured, if his discovery involved invention. It is a cross-cut saw formed by curvilinear grinding along lines parallel with its curved cutting edge, the saw so produced being of substantially uniform thickness throughout the length of its curved cutting edge, and of gradually diminishing thickness in the direction of its width from cutting edge to back. No other method of grinding than that pointed out in the specifications will produce with any degree of certainty or accuracy the form of saw which the patentee conceived he had discovered, and which he intended to secure by his patent. With this construction of the claim, it is conceded that defendant's saw is not an infringement. The defendant uses the old and well-known saw blade or plate of commerce in the manufacture of its saws. It consists of a blade or plate of steel having a curved cutting edge and a straight back, so rolled as to have a gradually diminishing thickness from cutting edge to back, and having a slightly greater thickness along the central part of the cutting edge than at the ends, and having a uniform thickness along the back from end to end. From such blades or plates the defendant manufactures the alleged infringing saws by first cleaning them without any change of form, and then by grinding them in straight or rectilinear lines, the grinding commencing at a part at the back of the blade or plate a few inches from one end, and continuing thence in a right line to a point within a few inches of the other end, and the contact of the grinder at each recurring passage over the blade or plate is shorter than the preceding one. The blade or plate is thus passed under the grinder up to a point within about two inches of the curved cutting edge, thereby producing what is called by the defendant its "segmentally ground saw." The saw thus manufactured, except where thus segmentally ground, retains the exact form of the original blade or plate of commerce, except for such slight and immaterial change as may be caused by polishing. In my opinion, the saw of the defendant, thus made, is not an infringement of the patent in question, even if valid, and the bill will therefore be dismissed for want of equity, at the costs of the complainants.