ROEMER v. PEDDIE et al.

(Circuit Court of Appeals, Third Circuit. January 6, 1897.)

PATENTS—LIMITATION OF CLAIMS—INFRINGEMENT—SATCHEL HANDLES.
  The Roemer patent, No. 314,724, for an improvement in bag or satchel handles, consisting in a combination of a strap and metal plates, arranged on opposite sides thereof, with the edges of the strap projecting beyond the plates, and a covering secured to such edges, if valid at all, must be confined to the precise devices shown, and is not infringed by a handle having only one metal plate. 71 Fed. 407, affirmed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

This was a suit in equity by William Roemer against T. B. Peddie & Co., for alleged infringement of a patent for an improvement in bag and satchel handles. The circuit court dismissed the bill, holding that the patent, if valid at all, must be so limited as to avoid infringement. 71 Fed. 407. From this decree the complainant has appealed.

Wm. Roemer, in pro. per.
Louis C. Raegener, for appellees.

Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

WALES, District Judge. This suit was brought to restrain the alleged infringement of letters patent No. 314,724, issued to complainant, March 31, 1885, for a "bag or satchel handle." The claims of the patent are:

"(1) The improved handle, consisting, essentially, of a strap, metal plates, arranged on opposite sides thereof, to give strength to the handle, the edges of the said strap, a, projecting beyond said plates, and a covering secured to said edges, substantially as described.

"(2) In a bag handle, the oppositely concaved plates, b, c, having a projecting strap or piece there between, projecting to receive a covering, and said covering, said parts being arranged and combined substantially as set forth."

The defenses were noninfringement and want of patentable novelty. The bill of the complainant was dismissed by the circuit court on the ground that the defendants did not infringe the patent in suit, and the case is here on appeal.

Roemer states in his specification that his invention "consists in the arrangements and combinations of parts, substantially as will be hereinafter set forth, and finally embodied in the clauses of the claim." The record shows that no less than seven patents had been granted for bag or satchel handles prior to the date of Roemer's invention; and, as his claims are only for "the arrangements and combinations of parts," they must be limited to a strict construction. Confining the present inquiry solely to the question of infringement, a comparison of the Roemer handle with the alleged infringing article of the same kind which is used by the defendants will show the difference between them.

The Roemer construction consists of "a strap or centerpiece, preferably of leather, and b, c, are oppositely concaved strips of iron, or other suitable metal, between which the said centerpiece is clamped, the edges of the latter projecting beyond said plates, so that the outer or inclosing leather or pieces of the handle may be sewed or otherwise secured thereto." The defendants' handle is composed of an upper metal plate, and under this is a metal strap; but the latter does not correspond with Roemer's under plate, c, instead of which the defendants use a roll or filling of paper to give a rounded shape to the underside of the handle. Here there is observed the absence of one of the essential and indispensable elements of the Roemer combination.

It is insisted, however, that this roll of paper is the mechanical equivalent of Roemer's under plate, c. If this contention should be sustained, it would come dangerously near defeating the validity of the patent, in view of the fact that bag handles had already been made in which two rolls of paper were placed on opposite sides of the center leather strap. Roemer substitutes metal plates for both rolls. The defendants substitute a metal plate for only one of the rolls. Roemer was not an original inventor, except in so far as he may have succeeded in forming a new combination of old parts. He had been preceded by numerous other inventors, who had devised handles for bags and trunks out of the same kind of materials which he uses, and having a similar shape and form. Letters patent issued to Charles F. Walker, No. 178,801, of January 25, 187–, show a handle with a metal wire or other suitable metal in the center of the handle, surrounded by leather or other material. The Lagowitz & Lieb patent, of 1876, describes a handle made of sheet metal struck up into U-shape, and the edges brought together into the form of a tube. Roemer makes use of two half tubes, clamping between them a leather strap.

From the history of the art it is evident that the defendants have only applied a paper roll to the underside of a metal plate in the same manner in which it had been done prior to Roemer, who now invokes the doctrine of mechanical equivalents to sustain the charge of infringement. This doctrine is well stated in Machine Co. v.

Lancaster, 129 U. S. 263, 9 Sup. Ct. 299, and is reaffirmed in Miller v. Manufacturing Co., 151 U. S. 207, 14 Sup. Ct. 310. The range of equivalents depends upon the extent and nature of the invention. If the invention is broad or primary in its character, the range of equivalents will be correspondingly broad, under the liberal construction which the courts give to such inventions. Roemer was not a pioneer in the art, and, as was said by the learned judge of the circuit court, if his patent can stand at all, he must be confined to the precise devices mentioned in his claims; and, thus limited, the defendants do not infringe them.

The decree dismissing the complainant's bill is affirmed.