CUSHMAN PAPER-BOX MACH. CO. v. GODDARD et al.

(Circuit Court, D. Massachusetts. December 5, 1898.)

No. 611.

PATENTS—INFRINGEMENT—PAPER-BOX MACHINE.
　　The Cushman patent, No. 364,161, for an improvement in paper-box machines, in view of the prior state of the art, and the doubtful utility of the machine, is limited to the form of mechanism described and shown in the specification and drawings, and is not infringed by a machine in which the blank for the box-end is carried into position on the box-body by different means, which are not the equivalent of those described.

This is a suit in equity by the Cushman Paper-Box Machine Company against Harry W. Goddard and others for the infringement of a patent.

William A. Macleod, for complainant.
Edward S. Beach, for defendants.

COLT, Circuit Judge. The patent (No. 364,161) upon which this is suit is brought was granted May 31, 1887, to George H. Cushman, and relates to an improvement in paper-box machines, whereby a blank which is to form one end of the box is pasted, and then automatically fed forward into position above the box-rest, where its pasted sides are brought into contact with the body of the box. The patentee, in his specification, says:

　　"My invention consists, essentially, in the combination, with a pasting mechanism, a box-rest, and a presser plate, of an automatically operating feeder, whereby the pasted end blank is transferred from the pile of blanks into position to be forced closely in contact with the end of the box-body. As the end blank is being fed into position under the presser-plate, it travels in a guide-way, which insures the correct presentation of the end blank to the box-body, thereby enabling the end blank to be applied uniformly."

The broad first claim of the patent is the only one in controversy:

　　"(1) In a machine for the manufacture of paper boxes, a box-rest for the box-body, and a presser-plate co-operating therewith, pasters, and guides to hold the end blanks above said pasters, combined with a reciprocating feeder, substantially as described, whereby the pasted end blanks are automatically fed from the guides to a position between the presser-plate and box-rest, to be united to and form an end of the box-body, substantially as described."

This claim refers to a combination of five elements: (1) A box-rest for a box-body; (2) a presser-plate co-operating therewith; (3) pasters; (4) guides to hold the end blanks above the pasters; (5) a reciprocating

feeder by which the pasted end blanks are automatically fed from the guides to a position between the presser-plate and box-rest.

Only one machine was constructed under the patent prior to the beginning of this suit, when a second machine was built for the purposes of this case. While the machine may be practically operative, neither its utility nor inventive scope is such as to warrant the court in giving that liberal construction to the patent which is sometimes done where the invention marks an important advance in the art. Each of the elements recited in the first claim was well known at the date of the invention. It is true that the prior art does not disclose in a box-end machine the specific combination of all the elements found in the claim. In paper-box machines, box-rests, presser-plates, pasters, guides to hold the blanks, and reciprocating feeders were old. In machines for making the ends of paper boxes, as shown in the Glazier machine, box-rests, presser-plates, pasters, and guides to hold the blanks were old. What Cushman did was to incorporate a reciprocating feeder into a special kind of box machine. While he may be entitled to a patent for the specific mechanism by which he accomplished this improvement, and may hold others as infringers who use the same or what are clearly equivalent means to bring about the same result, he cannot claim broadly and without limitation the combination of a box-rest, presser-plate, pasters, guides to hold the blanks above the pasters, and a reciprocating feeder by which the pasted end blanks are fed from the guides to a position between the presser-plate and box-rest. The prior state of the art, and the doubtful utility of the machine, forbid the court from treating this claim of the patent as if it covered a primary invention.

In approaching this claim, we are met with the difficulty as to its proper construction. It does not in terms include the guide-way, or the means employed to guide the end blank into position between the box-rest and presser-plate, and insure its proper presentation to the box-body. These means constitute a very necessary and important part of the Cushman device, and are made an element in other claims of the patent. The claim, after reciting the co-operating elements, says, "whereby the pasted end blanks are automatically fed from the guides to a position between the presser-plate and box-rest." Now, it is perfectly clear that this cannot be done without the guide-way to hold the blank, and properly present it to the box-body. The reciprocating feeder alone will not do this work, and it must co-operate with some form of guiding mechanism to make the combination operative to accomplish the result set forth in the claim. If the claim be construed literally, and so exclude the guide-way mechanism, it would be inoperative, and should perhaps be held to be invalid, in view of the language of the claim. If the claim be construed to include by implication the guide-way mechanism, the defendants do not infringe, because that device or its equivalent is not found in their machine. We do not think the forward projecting fingers of the reciprocating carrier and the spring fingers below the presser-bed in defendants' machine can be said to be the equivalent of the swinging grooved guide rails, $f^2$, of the Cushman machine, upon any principle of construction which can properly be applied to this invention.

But, assuming that the claim is valid for the combination of elements specifically enumerated, it must still be limited by the prior art to the form of mechanism described and shown in the specification and drawings, or what is plainly the equivalent. The defendants' machine is quite different in its organization. The pasting mechanism of complainant's machine, which is somewhat complicated in construction, must be placed directly under the pile of end blanks in order to do its work. In defendants' machine the paste is applied by a rotary device below and in front of the stack of blanks, and while the lowermost end blank is advancing on the reciprocating carrier. The vertical guides for holding the blanks in defendants' machine, unlike the complainant's, have no reciprocating movement towards the pasters; neither do they hold the end blanks above the pasters, or exercise any control or guidance by which the surface to be pasted is determined. The Cushman carrier operates more as a pusher, and quite differently from the defendants' carrier with its forward projecting fingers. But, without entering into further details, we are of opinion that the blank in defendants' machine is pasted and transferred from the pile of blanks into position on the box-body in a materially different manner from that described by Cushman in his patent, and by means which cannot be considered equivalent, in view of the scope of the Cushman invention, and that, therefore, there is no infringement. Bill dismissed.