KENNEY MFG. CO. v. WELLS & NEWTON CO.

(Circuit Court, S. D. New York.   December 22, 1904.)

PATENTS—INFRINGEMENT—WATER-CLOSET VALVE.
    The Cooper patent, No. 371,431, for a water-closet valve, the essential feature of which is a flange projecting downward from the valve to retard the flow of water while the valve is closing, was not anticipated, and is valid.  Also *held* infringed as to claims 1 and 2.

In Equity.

Frank L. Crawford, for plaintiff.
Edward Rector, for defendant.

WHEELER, District Judge.   This suit is brought for alleged infringement of the first two claims of patent No. 371,431, dated October 11, 1887, granted to William S. Cooper, and owned by the plaintiff upon a valve for water-closets, which has a down-projecting flange of a little less diameter at its lower edge than the discharge pipe to restrict the flow as it enters the pipe, and a lessening diameter towards its upper part, permitting an after-flow for sealing the traps.   The claims are:

"(1) The combination, in a water-closet supply valve, of a discharge chest, a valve constructed to close the mouth of the chest and having a depending flange or projection somewhat less in size than the said mouth, and means for raising the valve so that the lower end of the flange is above the top of the mouth, whereby when the valve is first opened a full flow of water through the chest is permitted, which flow is diminished when in the closing movement of the valve the flange of the same enters the mouth of the discharge chest, the diminished flow continuing during the remainder of the movement, all substantially as specified.

"(2) The combination, in a water-closet supply valve, of a discharge chest, a valve constructed to close the mouth of the chest, and having a depending flange less in size than said mouth, but constructed to enter the same and restrict the flow as the valve commences to close, and means, substantially as described, for retarding the closing movement of the valve, all substantially as specified."

The defenses are anticipation by several prior patents and denial of infringement.   There are six of these prior patents—that to Jones, No. 98,599; to Craigie, No. 126,270; to Moore, No. 175,728; to Gale, No. 190,304; to Quinn, No. 205,903; and a German patent to Moller, No. 20,349.   These well show a down-projecting flange from the valve, which restricts the flow of water as the valve nears its seat and prevents water hammer; but none of them appears to show such a continuing after-flow provided for by a passage around the flange.   This well appears from the testimony of the defendants' expert, Mr. See, at X 2.45, Record, pp. 140.1, where he says, summarily, fol. 563: "That the earlier patents referred to show devices for retarding the closing motion of the valve in connection with the preliminarily entering plug, and that, allowing for dimensions, proportioning, and so forth, the devices will all have substantially the same action in the respects considered." The plug referred to is the projecting flange, and the retarding the closing motion of the valve by the flange appears to be a different

thing from providing for the after-flow by the passage around the flange or plug. This view is affirmed by X 2.46 following, and the answer; and confirms the testimony of the plaintiffs' expert Mr. Fraser, when he says, at page 41, fol. 161, of the record: "I understand from the patent specification that this particular means for retarding the closing movement of the valve forms in itself no part of the invention of claims 1 and 2 of this patent." Upon these considerations those claims appear to be valid.

The question of infringement turns largely upon this distinction between the means of producing the after-flow of the patent and those for retarding the closing motion of the valve. As to the latter, the appliances of the defendants' valve resembles as well those of the earlier patents as those of the patent in suit; but, as this after-flow does not appear in the earlier patents, the means for producing it cannot be compared with them, and must be with this. When so compared, the after-flows appear to be produced by equivalent means in substantially the same way.

Decree for plaintiff.