## LANDRY MFG. CO. v. C. P. ROCKWELL, Inc.

### No. 2460.

Circuit Court of Appeals, First Circuit.
Nov. 26, 1930.

Brayton Morton, of Boston, Mass. (Sherman L. Whipple and Edward O. Proctor, both of Boston, Mass., on the brief), for appellant.

J. Lewis Stackpole, of Boston, Mass. (H. L. Kirkpatrick, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

PER CURIAM.

Careful consideration of the evidence and arguments in this patent infringement case brings us to the conclusion that the court below was right in finding no infringement. The suit is for infringement of Landry patent, No. 1,227,805, granted May 29, 1917, for a four-wheel brake device on automobiles. It was brought in June, 1927, and tried in late 1929. In over twelve years, with practically an unlimited market for four-wheel brakes on automobiles, the Landry device had been used on only fifty-one. This lack of commercial success goes far to discredit the value of the invention, if not the validity of the patent. Deering v. Winona Harvester Works, 155 U. S. 286, 15 S. Ct. 118, 39 L. Ed. 153; Westinghouse v. Boyden Power Brake Co., 170 U. S. 537, 18 S. Ct. 707, 42 L. Ed. 1136; Ford v. Bancroft (C. C. A.) 98 F. 309; Cushman Paper-Box Mach. Co. v. Goddard (C. C.) 90 F. 727; Kellogg Switchboard & Supply Co. v. Dean (C. C. A.) 182 F. 991; United States Hog-Hoisting Machine Co. v. North Packing & Provision Co., 158 F. 818, 819 (C. C. A. 1).

Examination of the patent confirms the impression thus derived.

Infringement is alleged of claims 2, 3, and 8:

"2. The combination, in a vehicle, of four wheels, two of them constituting steering wheels; a brake on each steering wheel, braking means for the other wheels, and cables connected from the steering wheel brakes thereto, one for each steering wheel; means to take up slack in each cable independently of the other; an equalizer operating said slack taking means, and actuating means.

"3. The combination, in a vehicle, of four wheels, two of them being at each end and those at one end being swiveled on separate pivots, constituting steering wheels; brakes for each of the wheels; a connection from each steering wheel brake to the brake of the other wheel on the same side of the vehicle independent of the brake connection between wheels on the other side of the vehicle, and means for applying the two brakes on one side simultaneously with each other."

"8. The combination in a vehicle having four wheels with brakes on each, of a cable on each side connecting front and rear brakes thereon; a fulcrum rod extending transversely of the middle portion of the vehicle; an equalizing device thereon at each side of the vehicle for the cable on that side, said devices being capable of action independently of each other; and an equalizing device on said cross rod adapted to turn each of said side equalizing devices about its axis; and actuating means."

The specifications and drawings show an equalization device, like the old whiffletree, with cables on each side running in grooves over S-shaped levers, and connecting the front and rear brakes. These cables must slip over the S-shaped levers in order to set the four brakes simultaneously. The specifications and drawings disclose nothing but cables to connect the front and rear brakes. The connection referred to in claim 3 can mean only a cable.

The gist of the alleged invention is found in the following extract from the specification:

"The slippage of the cable and lever automatically takes care of the difference in slackness of cable, so that neither brake takes effect until the cables are equally ready."

Claims 2 and 8 call specifically for cables.

But in the defendant's alleged infringing four-wheel brake device there are no cables; stiff rods connect front and rear brakes; there is nothing fairly comparable to the plaintiff's S-shaped levers; there is no slippage.

The file wrapper of plaintiff's patent shows abandonment of the original claim 3, reading:

"3. The combination, in a vehicle, of four wheels, two of them constituting steering wheels; a brake for each of the wheels; and means to operate the brakes on the steering wheels simultaneously with the brakes on the other wheels."

We observe that the new claim 3 is for brakes for the two wheels on one side only, while the claim 3 rejected was for brakes on both sides of the car. The new claim 3 is invalid, because anticipated by the British patent to Staner.

This abandonment amounts to admitting that means for the simultaneous application of all four brakes was old. In rejecting this claim, the Patent Office cited the Perrot patent, No. 1,076,311, dated October 21, 1913; the Morton patent, No. 1,104,066, dated July 21, 1914; the British patent to Wright, No. 15,979, in 1912; the French patent to Jonard, No. 430,594. Other patents pertaining to the prior art are the Staner British patent, No. 833 of 1905, and the Hand patent, No. 949,-471, dated February 15, 1910. The plaintiff's patent is in an old and fairly crowded art.

Defendant's device is, in substance, the Hand patent, and thus a part of the prior art.

It is too clear for argument that the patent is no pioneer; its claims must be limited to the specific or closely similar mechanics. Chicago & N. W. R. Co. v. Sayles, 97 U. S. 554, 24 L. Ed. 1053; Miller v. Eagle Mfg. Co., 151 U. S. 186, 14 S. Ct. 310, 38 L. Ed. 121; Computing Scale Co. v. Automatic Scale Co., 204 U. S. 609, 27 S. Ct. 307, 51 L. Ed. 645; Boyd v. Janesville Hay-Tool Co., 158 U. S. 260, 15 S. Ct. 837, 39 L. Ed. 973; Blake v. San Francisco, 113 U. S. 679, 5 S. Ct. 692, 28 L. Ed. 1070; Bragg v. Fitch, 121 U. S. 478, 483, 7 S. Ct. 978, 30 L. Ed. 1008; Kokomo Fence Machine Co. v. Kitselman, 189 U. S. 8, 18, 23 S. Ct. 521,

47 L. Ed. 689; Kenney Mfg. Co. v. J. L. Mott Iron Works (C. C.) 137 F. 431, 434; National Hollow B. B. Co. v. Interchangeable B. B. Co. (C. C. A.) 106 F. 693, 710; Roemer v. Peddie (C. C. A.) 78 F. 117, 118; Lamson Cash Ry. Co. v. Godehard (C. C. A.) 59 F. 776, 780.

We hold it impossible to find the defendant's rods and rocker arms to be the equivalent of plaintiff's cable and S-levers.

Our conclusion that the court below was right in finding no infringement makes it unnecessary to consider the validity of plaintiff's patent.

The decree of the District Court is affirmed, with costs to the appellee.