CLEVELAND PNEUMATIC TOOL CO. et al. v. CHICAGO PNEUMATIC
TOOL CO.

(Circuit Court of Appeals, Third Circuit. March 6, 1905.)

No. 36.

PATENTS—INFRINGEMENT—PNEUMATIC TOOL.

The Boyer patent, No. 537,629, for a pneumatic tool, as construed and limited by prior adjudication, *held* not infringed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Hector T. Fenton and E. Hayward Fairbanks, for appellants.
John R. Bennett, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judge.

DALLAS, Circuit Judge. The specification by which it is averred that "the Circuit Court erred, for want of jurisdiction, in making the order appealed from," is not sustained; but while it is proper, and perhaps requisite, that this should be stated, it is not necessary to enlarge upon the question of jurisdiction, for we are of opinion that, upon the merits, the preliminary injunction which was granted by the court below should not have been awarded.

This suit was begun by bill of complaint charging the defendants below (appellants here) with infringement of claims 42, 45, 46, 47, and 48 of patent No. 537,629, dated April 16, 1895, issued to Joseph Boyer, for a "pneumatic tool." These claims were before this court in the case of Boyer v. Keller Tool Company, 127 Fed. 130, 62 C. C. A. 244, and the opinion which was then delivered renders any extended discussion of them now unnecessary. Their validity was upheld, but they were, of necessity, very narrowly construed. Among others, a certain British patent was set up as an anticipation, and as to it the court said:

"It is to be noted that the pressure supply in the Low is conducted the same as in the Boyer, through the grasping portion of the handle, and is controlled by a valve so placed as to be opened and shut by the finger of the workman. The only distinction is as to its position, and this is a narrow one. It is not located, in our judgment, in the grasping portion of the handle, as is required by the claims in suit, but beyond it, in a distinct recess or chamber of the tool body, specially fashioned to receive and hold it. * * * This distinction, in our judgment, is sufficiently material to sustain the novelty of the plaintiff's device, and relieve it from the charge of having been anticipated by this reference any more than by any of the others."

We need not reconsider the question of anticipation upon the additional evidence which was introduced in this case. The court below did not refer to it with particularity, but contented itself with saying that no additional facts had been shown to qualify the conclusiveness of our decision in the case of the Keller Company; and the correctness of this statement may be assumed, for our present judgment will be rested wholly upon the ground of noninfringement.

A device which, if existent before the making of a patented invention, would not anticipate it, cannot, if made after the issue of the

patent, be said to infringe it; and we perceive no material difference between the Low tool, which, as we have seen, was found not to be an anticipation, and those of the appellants. The distinction upon which alone the patent was sustained related solely to the position of the valve, which, in the Low, "was not located * * * in the grasping portion of the handle, as required by the claims in suit, but beyond it, in a distinct recess or chamber of the tool body, specially fashioned to receive and hold it"; and this distinction is quite as apparent in the tools of the appellants as in that of Low. Their valve is not, it is true, located at the same point as his, but it is placed, nevertheless, in a chamber specially fashioned in a projection which, though connected with the grasping portion of the handle, is no more a part of it than is Low's recess portion of the tool body; and the fact that the valve chamber in the one case is at the upper, while in the other it is at the lower, end of the handle, is immaterial.

The court below erred, we think, in not giving controlling effect to that portion of the former opinion of this court to which we have especially referred, and for that reason the decree appealed from must be, and it hereby is, reversed.