## CHICAGO PNEUMATIC TOOL CO. v. CLEVELAND PNEUMATIC TOOL CO.

(Circuit Court of Appeals, Third Circuit. February 5, 1908.)

No. 62.

PATENTS—INFRINGEMENT—PNEUMATIC TOOL.

The Boyer patent. No. 537,629, for a pneumatic tool, as construed and limited by prior adjudication, *held* not infringed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 154 Fed. 953.

Edward Rector and Frank P. Prichard, for appellant.

E. Hayward Fairbanks and Hector T. Fenton, for appellee.

Before GRAY, Circuit Judge, and HOLLAND and CROSS, District Judges.

CROSS, District Judge. The patent in suit, No. 537,629, has been before this court upon two prior occasions. In Boyer v. Keller Tool Company, 127 Fed. 130, 62 C. C. A. 244, its validity was sustained, but necessarily, in view of the prior art, upon very narrow grounds. It was distinguished from the prior British patent to Low, in but one respect, and that was in the location of the valve. This court then said, speaking of the position of the valve in the Low patent:

"It is not located, in our judgment, in the grasping portion of the handle, as is required by the claims in suit. but beyond it in a distinct recess or chamber of the tool body specially fashioned to receive and hold it."

The patent was again before this court in this suit upon appeal from an order of the Circuit Court granting a preliminary writ of injunction against the defendants. The case will be found reported in 135 Fed. 784, 68 C. C. A. 485. The order of the court below allowing the writ was reversed, and Judge Dallas, speaking for this court, after quoting from the earlier opinion the extract hereinabove quoted says, at page 784 of 135 Fed., at page 486 of 68 C. C. A.:

"This distinction is quite as apparent in the tools of the appellants (now appellees) as in that of Low. Their valve is not, it is true, located at the same point as his, but it is placed, nevertheless, in a chamber specially fashioned in a projection which, though connected with the grasping portion of handle, is no more a part of it than is Low's recess portion of the tool body; and the fact that the valve chamber in the one case is at the upper, while in the other it is at the lower, end of the handle, is immaterial."

It is obvious that since the location of the valve in a distinct recess or chamber alone prevented the Low patent from completely anticipating the complainant's, as was held in the case against the Keller Tool Company, that any device in which the valve is located in a distinct recess

or chamber, as in Low, cannot infringe the complainant's patent; accordingly this court, after finding that the valve in the defendant's tool was located to all intents and purposes in a distinct recess or chamber as it was in Low's, held that the defendant's device did not infringe the complainant's patent, and consequently reversed the order of the Circuit Court awarding a preliminary injunction. The case as now presented is substantially the same as that then presented, and we see no reason, therefore, to modify or change the conclusion reached upon the preliminary appeal.

The decisions of this court, above referred to, cover the entire case, and leave no ground upon which the appellant can stand.

The decree of the court below dismissing the bill of complaint is affirmed, with costs.