DEY TIME REGISTER CO. v. SYRACUSE TIME-RECORDER CO.

(Circuit Court of Appeals, Second Circuit.   April 14, 1908.)

No. 126.

1. PATENTS—INFRINGEMENT—WORKMAN'S TIME RECORDER.
    The Dey patent, No. 524,102, for a workman's time recorder, is for an improvement only, and entitled only to a narrow construction; as so construed *held* not infringed.

2. SAME—CONSTRUCTION OF CLAIMS.
    When a claim of a patent is explicit, the courts cannot alter or enlarge it.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 241.]

Appeal from the Circuit Court of the United States for the Northern District of New York.

On appeal from a decree dismissing the bill of complaint which is founded upon letters patent No. 524,102, granted August 7, 1894, to John Dey for a workman's time recorder. The opinion of the Circuit Court is reported in 152 Fed. 440.

Thomas W. Bakewell, Clarence P. Byrnes, and Clarence D. Kerr, for appellant.

Howard P. Denison and William W. Dodge, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The facts are so fully set out in the opinion of the Circuit Court that it is unnecessary to repeat them here. It will therefore be sufficient for us to state, as briefly as may be, the reasons which lead us to the conclusion that the cause was properly decided. The patent is in no sense a pioneer. It is unnecessary to explore the prior art to establish this proposition. The specification offers sufficient proof. The patentee there states that the invention pertains to the style of workman's time recorder shown in a patent granted to him September 24, 1889. He says:

"The invention consists in an improved reorganization of the recording mechanism and means for operating the same, all as hereinafter fully described and summed up in the claims."

In other words the patent is for improvements upon existing machines. It embodies no new idea, introduces no new principle of operation and accomplishes no fundamentally new result. All that it purports to do is to produce the old result with greater speed, accuracy and economy, by reorganizing the old machinery.

That a claim covering such an improvement is not entitled to a broad construction is too obvious to require the citation of authorities. Suffice it to say that the doctrine has recently been reaffirmed by the Supreme Court in Cimiotti Co. v. Fur Refining Co., 198 U. S. 399, 25 Sup. Ct. 697, 49 L. Ed. 1100, and Kokomo Fence Co. v. Kitselman, 189 U. S. 8, 23 Sup. Ct. 521, 47 L. Ed. 689.

That the patent in controversy did not even take "the last and successful step" is demonstrated by the fact that two months after the application for the patent in suit Dey applied for another patent for the

single roller improvement, similar to the machine used by the defendant. This was No. 522,784, issued July 10, 1894.

Although there are fourteen claims in the patent the first claim only is involved. It is as follows:

"A workman's time recorder comprising time-printing wheels, a band movable longitudinally in either direction in proximity to said printing wheels and having a longitudinal row of consecutive numbers marked upon it, a manually operated lever controlling the movement of said band, and an index traversed by said lever and numbered to correspond to the band, and a platen actuated by said lever and pressing the band into contact with the time-printing wheels, as set forth."

It will be observed that the second element of the claim is "a band movable longitudinally in either direction in proximity to said printing wheels, and having a longitudinal row of consecutive numbers marked upon it."

The fifth element is "a platen actuated by said lever and pressing the band into contact with the time-printing wheels."

Neither of these elements is found in the defendant's machine. Instead of a band moving longitudinally by the action of two rollers, the defendant's band is mounted on one roller and moves in a circle. Instead of a platen which lifts the suspended impression band up against the type wheels, the defendant, by proper mechanism, forces the type wheels down upon the paper band which is clamped upon the single roller or drum.

In short, the defendant has dispensed entirely with one of the rollers, the longitudinally moving band and the platen. In place of all this complicated mechanism it used a single roller and the substitution has compelled a reconstruction of the entire machine. The defendant's roller could not be substituted for the platen or one of the rollers of the patent, and accomplish any result whatever.

The two rollers are not mentioned, in totidem verbis, in the claim, but they are there by implication. Without them the claim would be meaningless for no other way is described for securing the longitudinal movement of the band. Assuming, for the moment, that a valid claim could have been drawn, based upon the present description and drawings, broad enough to cover the defendant's machine, it is enough for the present litigation that the claim in controversy is not such a claim. No canon of interpretation can construe a combination claim in an improvement patent to cover a structure which omits two of the elements of the combination.

"When a claim is explicit, the courts cannot alter or enlarge it." Keystone Bridge Co. v. Phœnix Iron Co., 95 U. S. 274, 24 L. Ed. 344.

The decree is affirmed, with costs.