# HALL–MAMMOTH INCUBATOR CO. v. TEABOUT.

(Circuit Court of Appeals, Second Circuit. June 3, 1914.)

No. 252.

1. PATENTS (§ 246*)—INFRINGEMENT—COMBINATION.

A claim of a patent for a specific combination of elements is not infringed by a device from which some of such elements are omitted, and no equivalents substituted, even though they are unnecessary to the operativeness of the patented device.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 387; Dec. Dig. § 246.*]

2. PATENTS (§ 328*)—INFRINGEMENT—INCUBATOR.

The Hall patent, No. 692,277, for an incubator, *held* not infringed.

Appeal from the District Court of the United States for the Northern District of New York.

On appeal from a decree of the District Court for the Northern District of New York (205 Fed. 906) dismissing the bill of complaint with costs, in an action for infringement based upon letters patent No. 692,277 granted to Wilber P. Hall, February 4, 1902, for an incubator.

The patent contains a single claim which sufficiently describes the invention for the purposes of this appeal. It is as follows:

"In combination with an incubator, a heater, having a water-jacket, pipes within the incubator having communication with said water-jacket, the upper end of the heater having an air-chamber, a throttle mounted over an aperture leading into said chamber, a stem to said throttle passing through an aperture in the upper wall of said chamber, an expansion-cylinder, a float mounted therein, said expansion-cylinder having communication with the water-jacket, an adjustable bracket-arm on the support for the expansion-cylinder, a lever pivoted to the end of said bracket-arm, a damper pivoted to the top of the chamber of the heater, a rod connecting said damper, with the pivoted lever, a second lever fulcrumed on a bracket or arm of said expansion-cylinder, and having connection with the float at one end, and the stem of said throttle at a location adjacent to its other end, which rests upon the pivoted lever carried by the bracket-arm, substantially as shown and described."

Edmund Wetmore, of New York City, and Cookinham & Cookinham, of Utica, N. Y., for appellant.

Henry N. Paul, Jr., and Joseph C. Fraley, both of Philadelphia, Pa., for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. [1, 2] Hall invented a successful incubator. He was not a pioneer in this art, as incubators had been known before, operating upon substantially the same principle. Whether he could have obtained a broad claim for his contribution to the art it is unnecessary to decide, as he received a patent with a single claim, limited to the apparatus described and containing 13 separate and distinct elements. Unquestionably the defendant has omitted three of these elements. Even if the complainant were entitled to a broad application of the doctrine of equivalents, that rule is not applicable here because some of the elements have been omitted altogether and nothing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

substituted therefor. It may be that the claim was unnecessarily specific, that elements which are unnecessary are found there and that the apparatus will operate without these elements. Concede all this and it does not aid the complainant. Hall saw fit to include in his combination all the elements found in the claim. One who does not use that combination does not infringe. The court has no more right to eliminate "an adjustable bracket-arm on the support" than it has to eliminate "a heater having a water-jacket;" one is as much an element of the combination as the other. We are dealing with the claim as we find it, not as it might have been, and agree with the District Judge in holding that the claim is not infringed. This proposition has been frequently sustained. Among the cases in this circuit may be noted Dey Register Co. v. Syracuse Recorder Co. (C. C.) 152 Fed. 440; affirmed 161 Fed. 111, 88 C. C. A. 275; Consolidated Engine Co. v. Landers, 160 Fed. 79, 87 C. C. A. 235.

The decree is affirmed with costs.