BROADWAY TOWEL SUPPLY CO. et al. v. BROWN-MEYER CO.

(Circuit Court of Appeals, Ninth Circuit. September 4, 1917. Rehearing Denied October 8, 1917.)

No. 2971.

1. PATENTS ⟊328—VALIDITY AND INFRINGEMENT—TOWEL HOLDER.

The Brown patent, No. 1,115,895, for a towel holder, has but a single feature which distinguishes the device covered thereby from the prior art, which feature was made an element of every claim allowed by the Patent Office, and it is not infringed by a device which does not contain such feature.

2. PATENTS ⟊178—INFRINGEMENT—"MECHANICAL EQUIVALENT."

The term "mechanical equivalent," when applied to a patent for a slight improvement in the progress of an art, has a very narrow and limited meaning, and the inventor is ordinarily confined to his specific device.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mechanical Equivalent.]

3. PATENTS ⟊168(2)—CONSTRUCTION—EFFECT OF REJECTION OF CLAIMS.

A claim cannot be so construed as to cover what was rejected by the Patent Office in the application for the patent.

Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Suit in equity by the Brown-Meyer Company against the Broadway Towel Supply Company and Amos Burg. Decree for complainant, and defendants appeal. Reversed.

⟊For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

T. J. Geisler, of Portland, Or., for appellants.

Joseph L. Atkins, of Portland, Or., for appellee.

Before GILBERT and HUNT, Circuit Judges, and DIETRICH, District Judge.

GILBERT, Circuit Judge. In a suit to enjoin the infringement of letters patent No. 1,115,895, issued November 3, 1914, to C. F. Brown, assignor of the appellee, the court below found that the appellant had infringed claim 2, which reads as follows:

"In a towel holder or the like, the combination with a supporting member of an assembling member adapted to secure towels in assemblage upon the supporting member, a flexible retaining member, co-operative therewith, for the purpose specified, and means for detachably securing both ends of said retaining member together."

In the appellee's device the "supporting member" is a shelf; the "assembling member" is a standard, curved at the upper end, passing in its lower end through the shelf. The "flexible retaining member" is a chain, one end of which is attached to the curved end of the assembling member; the other end being detachably secured to the lower end of the assembling member beneath the shelf by the use of a padlock. The towels are fitted with eyelets through which, when they are piled upon the shelf, the standard or assembling member is passed. In practice a towel is taken from the shelf, slipped over the curve of the standard, and after being used is dropped; but it is retained by the sag of the chain, which, according to the drawings, extends into a basket on the floor, which serves as a depository for soiled towels.

The court below was of the opinion that the appellant's device, wherein the chain is attached to the bottom of the basket on the inside, instead of to the foot of the assembling member, did not vary the appellee's device to such an extent as to add a new discovery, or even an old element to the combination, and propounded the question whether, if the appellant had used the Reid patent, and had simply detached the chain from the wall and attached it to the bottom of the basket, it could be said that such change constituted an added discovery or new element to the Reid patent. But we think the test question here is not whether the defendant has added a new element to the Reid or the Brown patent, but it is purely a question whether he has infringed the patent in suit, and that is to be determined from the nature and scope of the appellee's combination as measured by the prior art, and the inquiry whether the appellant has used the combination of elements described therein.

[1] Brown's application for patent contained 11 claims. All but 3 of the claims were rejected by reference to several prior patents, and particularly the patent to Reid, issued July 15, 1913, letters patent No. 1,067,622 entitled "Combined Towel Holder and Rack." Reid's combination contains all the elements of the appellee's combination, with the single exception that in the Reid device the lower end of the chain is brought back and fastened by a staple to the wall beneath the standard; the loop of the chain serving to hold and retain the soiled towels. All that Brown added to Reid's device was to

detach from the wall the lower end of the chain, and bring it higher, and attach it to the lower end of the standard by means of a padlock. That is the essential and distinguishing feature of his improvement, and each claim of the patent that was allowed specifies that feature as an element. The device used by the appellant is not patented. It differs from the Brown patent, in that the chain, instead of being locked to the lower end of the standard, is fastened to the inside of the bottom of a basket, which stands on the floor beneath the towel holder, while the lower end of the standard is locked to the shelf. It will be seen that the appellee's invention is an extremely narrow one, limited as it is by the prior art. If there is any invention in the Brown patent, it consists in the precise combination therein described, and each element specifically pointed out is an essential part thereof.

[2] The appellee cannot avail itself of the doctrine of equivalents, where one element of its combination is so far departed from as it is in the appellant's device. The term "mechanical equivalent," when applied to a slight improvement in the progress of an art, has a very narrow and limited meaning. In Liberman's Ex'rs v. Ruwell (C. C.) 165 Fed. 208, Judge McPherson said:

"Where an improvement is narrow in its character, the inventor is ordinarily confined to his specific device, and receives little aid from the doctrine of equivalents. If he depends on a single limited feature (as is the case here), the doctrine will not ordinarily be applied, so as to cover a device in which that feature does not appear."

Cases of similar import are Noonan v. Chester Park Athletic Club Co., 99 Fed. 90, 39 C. C. A. 426; Wright & Colton Wire-Cloth Co. v. Clinton Wire-Cloth Co., 67 Fed. 790, 14 C. C. A. 646; Hill v. Sawyer (C. C.) 31 Fed. 282; Dey Time Register Co. v. Syracuse Time Recorder Co., 161 Fed. 111, 88 C. C. A. 275. If it were held that attaching the lower end of the chain to a basket is the equivalent of the specific means pointed out in the appellee's combination, it would follow that attaching it to any article of furniture, or to the wall, as in the Reid patent, would also be a mechanical equivalent. Brown made claims broad enough to include such methods of attaching the lower end of the chain, but in view of the prior art they were rejected by the Patent Office.

[3] A claim cannot be so construed as to cover what was rejected by the Patent Office in the application for the patent. Knapp v. Morss, 150 U. S. 221, 14 Sup. Ct. 81, 37 L. Ed. 1059. In Cleveland Pneumatic Tool Co. v. Chicago Pneumatic Tool Co., 135 Fed. 783, 68 C. C. A. 485, it was said:

"A device which, if existent before the making of a patented invention, would not anticipate it, cannot, if made after the issue of the patent, be said to infringe it."

See, also, Riverside Heights Orange Growers' Ass'n v. Stebler, 240 Fed. 703, 709, —— C. C. A. ——, and cases there cited.

We think it clear that the appellee's claims should be so interpreted as to cover only details of construction, and that the appellant's device does not infringe, since it lacks the element which is the distinguishing feature of Brown's invention.

It appears from the pleadings and the evidence that before the appellee's patent issued the appellant had been using a device identical with that of the appellee, and that it continued so to do from the date of the patent, November 3, 1914, to December 1st following. For that infringement the appellant is answerable to the appellee in damages, on the principles announced in Dowagiac Mfg. Co. v. Minnesota Plow Co., 235 U. S. 641, 35 Sup. Ct. 221, 59 L. Ed. 398.

The decree of the court below is reversed, and the cause is remanded for further proceedings.

