CRYSTAL LAUNDRY CO. et al. v. BROWN–MEYER CO.

(Circuit Court of Appeals, Ninth Circuit.   September 4, 1917.   Rehearing Denied October 8, 1917.)

No. 2972.

PATENTS ⊜⟶328—INFRINGEMENT—TOWEL HOLDER.
    The Brown patent, No. 1,115,895, for a towel holder, *held* not infringed.

Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Suit in equity by the Brown-Meyer Company against the Crystal Laundry Company and Percy G. Allen. Decree for complainant, and defendants appeal. Reversed.

T. J. Geisler, of Portland, Or., for appellants.
Joseph L. Atkins, of Portland, Or., for appellee.

Before GILBERT and HUNT, Circuit Judges, and DIETRICH, District Judge.

GILBERT, Circuit Judge. This is a companion case with Broadway Towel Supply Co. v. Brown-Meyer Co., 245 Fed. 659, —— C. C. A. ——, just decided. It involves the same questions, was tried upon the same record, and the facts are practically identical, except that in the present case the appellant, on proceedings for contempt subsequent to the interlocutory decree, was enjoined from using a new device, which the court held also infringed the appellee's patent. That device, it appears, was subsequently patented on May 9, 1916, to Henry A. Ammann, by letters patent No. 1,181,983. It is clear that if the device used by the appellant, to enjoin which the suit was brought, which device was identical with that used by the appellant in Broadway Towel Supply Co. v. Brown-Meyer Co., did not infringe the appellee's patent, the combination described in the Ammann patent did not infringe it. In the Ammann patent the towels are strung upon a flexible wire, the upper end of which is attached to a shelf, and the lower end to the floor or to the bottom of a receptacle below the shelf; the upper end of the wire being sharpened to a point, so as to pass through the towels, thus dispensing with the use of eyelets.

The decrees are reversed, and the cause is remanded for further proceedings, as in the case of Broadway Towel Supply Co. v. Brown-Meyer Co.

---

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes