**OLIVER UNITED FILTERS, Inc., v. EIMCO CORPORATION et al.**

No. 1496.

Circuit Court of Appeals, Tenth Circuit.

July 1, 1937.

A. W. Boyken, of San Francisco, Cal. (George Faust, of Salt Lake City, Utah, and Miller & Boyken, of San Francisco, Cal., on the brief), for appellant.

Edward W. Robertson, of Spokane, Wash. (H. Van Dam, Jr., of Salt Lake City, Utah, and Robertson & Smith, of Spokane, Wash., on the brief), for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Oliver United Filters Incorporated brought this suit against the Eimco Corporation and Morris Rosenblatt to enjoin the infringement of patent 1,538,980 and for an accounting. The trial court found defendants' device did not infringe and entered its decree accordingly. Plaintiff has appealed.

The patent in suit was applied for April 9, 1918, and issued May 26, 1925, to Albert L. Genter. It was duly assigned by Genter to the plaintiff. It is for improvements in continuous vacuum filters.

The claims in suit are set out in subjoined note 1.[1]

1. A filtering apparatus having a rotatable shaft, a plurality of filter discs supported thereon in spaced relation to one another, and a tank in which said discs rotate, said tank including a chamber extending longitudinally of the shaft and adapted to receive the discs collectively, and a plurality of longitudinally spaced chambers communicating with said unitary chamber and adapted to receive the discs individually.

6. A filtering apparatus having a rotatable shaft, filter discs supported thereon in spaced relation to one another, a tank including a main chamber to receive all of the discs and a plurality of longitudinally-spaced supplementary chambers communicating with said chamber and receiving the discs individually, and means for removing the deposited filter cake from the filter discs and directing it into the spaces between said supplementary chambers.

7. A filtering apparatus, having a series of similar sectionalized filtering discs arranged side by side in spaced relation, a longitudinally sectionalized hollow central shaft the sections whereof communicate with the sections of said discs, a tank in which the discs rotate, said tank being substantially straight on one longitudinal side and provided with recesses along the opposite longitudinal side, said recessed side resulting in disc-receiving portions which extend at right angles to the said central shaft, the sides of the disc-receiving portions being parallel to and conforming substantially with the surfaces of said filtering discs.

13. A filtering apparatus having a series of substantially similar sectionalized filtering discs arranged side by side in spaced relation, a longitudinally sectionalized hollow central shaft communicating with the filtering discs and supporting the latter, a tank in which the discs rotate, said tank being straight along one longitudinal side and provided with disc-receiving portions on the opposite side, which extend at right angles to the central shaft, the sides of said disc-receiving portions being in proximity to and conforming substantially with the outer surfaces of the filtering discs, cake deflectors or scrapers on the sides of the disc-receiving portions in proximity to the outer sides of the discs, the distance between

346

The device of the patent in suit is illustrated by the following drawings:

In the device of the patent in suit, a plurality of sectional filter discs A, figure 1,

*Inventor:*
*Albert L. Genter.*
*By T. Walter Fowler*
*atty.*

the disc-receiving portions being sufficient to permit discharged cake passing over said deflectors to fall down into the spaces formed between the outer sides of the disc-receiving portions.

14. A filtering apparatus comprising a sectionalized shaft the sections whereof are hollow and constitute a multiplicity of longitudinal filtrate passages, a collecting valve in which said passages terminate, a tank, a series of sectionalized

filter units in the tank and communicating with said passages, said tank having its cake discharge side provided with a series of disc-receiving portions and scrapers on said cake discharged side of the tank for discharging the cake.

15. A filtering apparatus comprising a sectionalized shaft the sections whereof are hollow and constitute a multiplicity of longitudinal filtrate passages, a collecting valve in which said passages termin-

Fig. 3.

Fig. 2.

Fig. 7.

Inventor:
Albert L Genter
By J Walter Fowler,
atty.

ate, a tank, a series of sectionalized filter units in the tank and communicating with said passages, said tank having its cake discharge side provided with a series of disc-receiving portions and scrapers on said cake discharge side of the tank for discharging the cake, said scrapers being positioned above the liquid level in the tank.

24. In a filter of the rotating leaf type, a tank having one of its longitudinal sides recessed at points to form intermediate rigid trough-shaped portions which are open along their top and inner edges for the reception of a rotatable filter leaf.

25. In a filter of the rotating leaf type, a tank having one of its longitudinal sides recessed to form intermediate rigid trough-shaped portions which are open along their top and inner edges for the reception of rotatable filter leaves, said

are carried by a sectionalized horizontal shaft B, figure 4, consisting of a central shaft member B and a plurality of longitudinally extending pipes 2 supported upon collars 3 and removably secured in position by clamps 7 and nuts 20. The filter discs are constructed in accordance with the patent to Salisbury, No. 1,293,555, dated February 4, 1919. They are formed of a plurality of sections 1, figure 4, consisting of a rigid frame enclosed with a bag C, figure 6, formed of suitable filtering fabric. The interior of the bag communicates with pipes 2 by means of nipple 8. At each end of the sectional shaft is a reducing pipe 10, figure 1, having longitudinal passages formed therein communicating with pipes 2 and filtrate chambers 23, figure 5, the latter being provided with outlets 29 and 30, connected with suitable suction apparatus.

The tank D, figure 7, has a main chamber at one side thereof extending the entire length of the tank in substantially the form of a quarter cylinder. It also has a plurality of individual trough-shaped chambers E, communicating with the main chamber.

The sectional shaft is rotatably supported by bearings 15 and 15', figure 2. When in operation each filter disc rotates opposite to clockwise by means of the shaft in its individual chamber and the main chamber of the tank.

The mixture to be filtered is delivered to the tank by pipe 18, figure 2, communicating with the main and individual chambers. It is drawn by suction through the filter fabric and the filtered liquid is discharged through pipes 2, the filtrate chambers and the outlets 29 and 30.

The filter cake which deposits on the outer surfaces of the filter discs is removed by flexible scrapers 33, figure 3, mounted on the side walls of the individual chambers and falls down through the recesses E' between the individual chambers.

In his specification Genter says:

"From the above description it will be seen that the filter embodying my invention is simple in construction and efficient in operation. Furthermore, the removal of any of the parts thereof for the purposes of cleaning, repairing or renewal may be readily and quickly effected. Should it be necessary to remove any one of the filter disc sections it is merely necessary to loosen the associated clamps 5 by unscrewing the nuts 6 sufficiently to permit the clamps to be given a quarter turn, whereupon the section may be withdrawn from its position. *If it is desired to remove any one of the pipes 2, it is merely necessary to remove the several sections of the filter discs which are associated with the pipe and then to remove or loosen the corresponding clamps 7 to permit of the withdrawal of the pipe. It will thus be seen that any filter section or any pipe may be removed independently of the remaining filter sections or pipes and without in any way disturbing the same. By constructing the tank in the form of a semi-cylinder crenellated or recessed at one side thereof to form individual chambers upon which the filter cake scrapers are supported,* the filter cake which is removed from the filter discs will fall through the recesses between the individual chambers and is positively prevented from falling into the tank." (Italics ours.)

---

trough-shaped portions being spaced apart to provide intermediate discharge passages for the exterior discharge of formed cake.

26. In a filter of the rotating leaf type, a casing comprising a tank one portion of which at one side of the longitudinal center of said tank constitutes a unit receptacle for a plurality of filter leaves and the other portion at the opposite side of said longitudinal center is recessed at points to form intermediate rigid trough-shaped portions which are open along their top and inner edges for the reception of rotatable filter leaves.

29. In a filter of the rotating leaf type, a sectionalized central shaft comprising a plurality of fluid passages extending longitudinally thereof, collecting valves communicating with the ends of the passages, a series of filter sectionalized units mounted on the shaft and communicating with said passages, and a casing having a quartered cylindrical surface spaced from the peripheral extremities of the filter leaves and united trough-shaped pans adapted to receive said leaves, said pans being spaced apart to provide passages for the exterior discharge of the cake from the filter leaves.

30. In a filter of the rotating leaf type, a substantially semi-cylindrical filter tank, divided approximately on the vertical axial plane thereof into a portion adapted to receive all the leaves and a plurality of spaced portions communicating therewith and each adapted to receive a single leaf.

The tank of the patent in suit and the tank of the alleged infringing device are illustrated by the following drawing:

Defendants do not employ a sectionalized shaft with removable pipes; instead, the filtrate passages in defendants' device

## GENTER TANK

## EIMCO TANK

D. Tank.

A. Side of tank partially enclosing openings between individual chambers.

E. Individual chambers.

H. Main chamber.

Instead of making crenelations or indentations in the side of the tank the defendants construct chutes inside the tank, cut out portions of the side of the tank to form openings at the lower ends of the chutes and leave the outside of the chutes partially enclosed by the side of the tank.

are formed by holes bored through the shaft and constitute integral and unremovable parts thereof.

Vacuum and rotary suction filter devices were old in the art when Genter entered the field. The Salisbury patent number 1,293,555, applied for August 31, 1917,

and issued February 4, 1919, discloses a sectionalized filter disc like that employed in the patent in suit. Salisbury patent number 1,283,925, applied for March 3, 1917, and issued November 5, 1918, discloses a rotary vacuum filter with a plurality of discs operating in a common tank and scrapers for removing the filter cake. Salisbury patent number 1,259,139, issued March 12, 1918, discloses a similar device except each filter disc operates in an individual tank. Each of the Salisbury patents disclose the filter discs mounted on a rotatable shaft with longitudinally extending filtrate passage or passages communicating with the interiors of the filter bags and through which the suction is applied and the filtered material drawn off.

The Young patent 1,057,475, issued April 1, 1913, for a continuous vacuum filter, discloses a tank with a main chamber and a plurality of individual chambers and inclined chutes between the individual chambers for discharging the filter cake removed from the sides of the filter discs by scrapers mounted on the upper edges of the sides of the individual chambers; a hollow rotatable shaft within which is a second hollow shaft or cylinder which is stationary and serves as a suction chamber; and a plurality of filter discs revolving on the shaft in the main chamber and the individual chambers. Young failed, however, to design the chutes sufficiently large to discharge the filter cake by gravity.

The file wrapper history discloses that the applicant experienced much difficulty in securing the allowance of his claims. The Young patent 1,057,475 and Salisbury 1,259,139 were repeatedly cited by the examiner and the claims applied for rejected. To avoid these and other references the applicant, between October 28, 1918, and July 17, 1924, filed numerous memoranda with the patent office. Relative to the references cited, he pointed out that none disclosed the indentation of one of the permanent sides of the tank for the combined purpose of forming the individual chambers in which the filter discs rotate and the channels or openings through which the filter cake escapes and that the conception of so indenting one side of the tank constituted invention over the prior patents. He further pointed out that the filtrate passages, in the type of shaft disclosed in the references cited, were integral parts of the shaft and could not be cleaned or repaired without removing the entire shaft, whereas in applicant's device the shaft was sectionalized and the filtrate passages were formed by separate pipes mounted on the shaft and independently removable for the purpose of repairing or cleaning; and that his type of shaft in combination with the other elements constituted invention over the prior art.

■ Every element of a combination is conclusively presumed to be material. The omission of one element of a mechanical combination, unless a mechanical equivalent is substituted therefor, avoids infringement, even though the omitted element is not essential to the combination.[2]

■ It will be observed that a sectionalized shaft with filtrate passages through each section constitutes an element of claims 7, 13, 14, 15 and 29. It will be further observed that a tank, one side of which is recessed to form the individual chambers, is an element of claims 24, 25 and 26. In view of the file wrapper history and the well settled applicable principles of law, we hold that these elements must be considered as material and as constituting limitations on these claims voluntarily imposed by the applicant.

Since the alleged infringing device does not employ either a sectionalized shaft or a tank, one side of which is recessed or indented to form individual chambers and openings through which the filter cake may be discharged, we hold that it does not infringe these claims.

Claim 1 is very broad. The elements thereof are:

(1) A rotatable shaft.

(2) A plurality of filter discs supported thereon in spaced relation to one another.

(3) A tank in which said discs rotate.

(4) A chamber extending longitudinally of the shaft and adapted to receive the discs collectively.

(5) A plurality of longitudinally spaced chambers communicating with the unitary

2 Jensen-Salsbery Laboratories v. O. M. Franklin Blackleg Serum Company (C.C.A.10) 72 F.(2d) 15, 18, 19; Wichita Visible G. Pump Co. v. Clear Vision Pump Co. (C.C.A.) 19 F.(2d) 435, 436, 437; Fay v. Cordesman, 109 U.S. 408, 420, 3 S.Ct. 236, 27 L.Ed. 979; Hall-Mammoth Incubator Co. v. Teabout (C.C.A.2) 215 F. 109, 110; McClain v. Ortmayer, 141 U.S. 419, 425, 12 S.Ct. 76, 35 L. Ed. 800.

chamber and adapted to receive the discs individually.

Claim 6 is also a general claim. It includes the elements of claim 1 and the additional element of a means for removing the filter cake from the discs and depositing it between the individual chambers. Claim 30 is also a general claim. Its elements are:

(1) A semi-circular filter tank divided into,

(a) a portion adapted to receive all the leaves, and

(b) a plurality of spaced portions communicating therewith adapted to receive a single leaf.

If claims 1, 6 and 30 are to be construed broadly and not to include the two features stressed in the portion of the specification quoted above, as the essential improvements of the patent, then they are clearly anticipated by Young. On the other hand, if they are construed as including the sectionalized shaft with pipes mounted thereon and independently removable and the tank with the crenelated side to form the individual chambers and the passages through which the filter cake is discharged, then they are not infringed by defendants' device. It may be that when the claims are read in the light of the specification and the file wrapper history of the patent in suit, they should be accorded the latter construction. It is unnecessary, however, to determine which of these two constructions should be adopted. Suffice it to say that under either, plaintiff's suit must fail.

We conclude the decree of the trial court was right and it is therefore affirmed.